## BAILEY *v*. STATE.

Opinion delivered October 17, 1903.

BAIL BOND—DISCHARGE—EFFECT OF SUPERSEDEAS BOND.—Where a supersedeas bond is executed by one appealing to the circuit court from a judgment of conviction before the mayor of a city, the sureties on a bail bond previously given by the accused for his appearance before the mayor are no longer liable, nor will their liability be revived by dismissal of the appeal in the circuit court.

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Reversed.

### STATEMENT OF THE COURT.

One of the defendants, A. E. Bailey, was, in December, 1899, arrested and brought before the mayor of Malvern charged with having committed an assault and resisted an officer in said town. He was permitted to give bail for his appearance at the trial in the sum of three hundred dollars. The bond given was conditioned that he should "at all times render himself amenable to the orders of said court in the prosecution of said charge, and, if convicted, should render himself in execution thereof."

On the trial he was convicted, and fined fifty dollars, and judgment for that amount rendered against him. Defendant at once appealed, and filed an appeal bond in statutory form in the sum of two hundred dollars. The condition in this bond is that "the defendant shall appear in the Hot Spring circuit court at its next August term, and submit himself to the jurisdiction of the court, and not depart therefrom without leave of said court." Afterwards the defendant appeared in the circuit court, but his appeal was dismissed by the court on account of his failure to have the appeal bond and papers filed in the circuit court within sixty days after the rendition of the judgment in the mayor's court. Afterwards, when the judgment of dismissal was certified to him, the mayor declared that the original bail bond given by the defendant

for his appearance for trial before the mayor was forfeited, for the reason that the defendant had, after the dismissal of his appeal, failed to appear in the mayor's court and render himself in execution of the judgment or to discharge the same. This action was then commenced before the mayor against the defendant and his bondsmen to collect three hundred dollars, that being the amount of the bail bond declared to be forfeited. From the judgment rendered by the mayor the defendant appealed to the circuit court; and upon a trial in that court judgment was rendered against defendant and his bondsmen for the sum of three hundred dollars, the amount of the bond, from which judgment defendants appealed to this court.

*E. H. Vance, Jr.*, and *Andrew I. Rowland*, for appellant.

The court erred in sustaining the demurrer. 42 Ark. 130. When Lane was taken into custody by the sheriff, he was no longer in the keeping of appellant as his bail. 42 Ark. 127; 1 Am. & Eng. Enc. Law (2d ed.), 718; 60 Metc. 409; 43 Tex. 386; 44 Tex. 11; 17 Tex. App. 120; 22 Tex. App. 64; 40 Ark. 332; 29 Ark. 127; 67 Ark. 479. The giving of a supersedeas bond with a new bail transfers the custody of the defendant. 59 Ga. 882; 25 Tex. App. 658, 660.

*M. M. Duffie*, for appellee.

The dismissal of the appeal is a dismissal of all appeal proceedings. 1 Ark. 144; 45 Ark. 373. The jurisdiction of the mayor is co-extensive with the county for offenses committed within the town's limits. 24 S. W. 460; 3 Am. & Eng. Enc. Law (2d ed.) 722; Sand. & H. Dig. §§ 5256-7. The demurrer was properly sustained. 35 Ark. 276; 61 Ark. 282; 60 Ark. 209. The bill of exceptions is insufficient. 45 Ark. 485.

RIDDICK, J., (after stating the facts). This is an action upon a bail bond given for the appearance of the defendant A. E. Bailey before the mayor of Malvern. The act of the defendant which the plaintiff relies upon to show a forfeiture of the bond occurred after the trial in the mayor's court, and after the defendant had taken an appeal to the circuit court from the judgment of the mayor, and after he had executed and filed an appeal bond in due form, which had been approved by the mayor, and against which no objection is urged. The main question presented is whether the exe-

cution and approval of the appeal bond did not supersede the bail bond given for the appearance before the mayor, and relieve the sureties on that bond from any further liability on account of the acts of the defendant, so far as that bond was concerned. The object and purpose of the law in allowing the defendant to give the appeal bond superseding the judgment of the justice or mayor was, we think, not only to supersede the collection of that judgment, but also to permit the defendant to remain at large during the pendency of his appeal, and to secure his presence in the circuit court on the trial there. If he had not executed the appeal bond, the judgment of the mayor would not have been superseded, and he would no doubt have been taken in custody in execution of the judgment, as he was present there at the trial. But he took an appeal, and gave the bond which the statute provides shall act as a supersedeas of the judgment of the mayor. He was, by virtue of this bond, entitled to remain at large pending his appeal; and the sureties on his former bond had no further power to take him in custody or surrender him, for the reason that the object and purposes for which their bond had been given had been atttained, and the bond was therefore, as we think, *functus officio.* After the appeal bond was executed, the sureties on the former bail bond lost their authority over him, and their liability ended with their control.

The dismissal of the appeal, though it left the judgment of the mayor in full force, did not operate to revive the defunct bail bond. If the defendant had failed to appear in the circuit court, the sureties on his appeal bond might have been held liable. As he appeared in that court, and was there when his appeal was dismissed, he could have been placed in custody by the court, and turned over to the town authorities in execution of the mayor's judgment, for which he is still liable.

While this judgment may still be enforced against him, we think the court erred in rendering judgment on the bail bond, upon which, as before stated, we think he is no longer liable. For the reasons stated, that judgment is reversed, and the action dismissed.